NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO ARTURO DORADO BRIONES,<br><br>            Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No. 23-2483<br><br>Agency No.<br>A095-715-624<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2024**
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

Roberto Arturo Dorado Briones, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals (BIA) decision affirming an Immigration

Judge (IJ) order denying his application for withholding of removal and protection

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).  We review the denial of withholding of removal and CAT protection for substantial evidence.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  But we review de novo questions of law, including whether a proposed social group is legally cognizable.  *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  We discern no error in the denial of Dorado Briones's application for withholding of removal.  To establish eligibility for withholding of removal, Dorado Briones must show "that it is more likely than not" that he will be persecuted if returned to Mexico "because of" membership in a particular social group or other protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A).  To demonstrate "membership in a particular social group," an applicant must "establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Andrade*, 94 F.4th at 910 (quoting *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020)); *see also Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014).

Dorado Briones's claim fails because his proposed social group, "Mexican males who visit from the United States and are perceived as wealthy," is not cognizable.  *See, e.g.*, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir.

2016) (holding that "the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (concluding that the proposed social group "returning Mexicans from the United States" "is too broad to qualify as a cognizable social group").

2. Substantial evidence supports the denial of CAT relief. "To qualify for CAT relief, a petitioner must show that []he more likely than not will be tortured if []he is removed to h[is] native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Dorado Briones relies on his history of alcoholism and unfortunate family circumstances as warranting CAT relief. Because Dorado Briones did not present these arguments to the IJ or BIA and because the government has objected, we could not grant relief based on these unexhausted claims. *See* 8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

Dorado Briones's remaining arguments likewise do "not compel a finding that [he] will more likely than not be tortured if he returns to [Mexico]." *Vitug*, 723 F.3d at 1066. As the BIA explained, the past attack that Dorado Briones endured in Mexico, while deplorable, does not establish that he faces a particularized risk of future torture in Mexico. And while we acknowledge Dorado Briones's stated concerns about returning to Mexico, his subjective fears are not a basis for granting

CAT relief.  *See, e.g.*, *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETITION DENIED.**[1]

---

[1]  Dorado Briones's motion to stay removal, Dkt. 2, is denied.  The temporary stay of removal shall remain in place until the mandate issues.